UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:25-CR-138-KAC-JEM |
| ) | |
| EMANUEL TURNER, ) | |
| SHANDASIA TURNER, and ) | |
| KE'SEAN GILLIS-TATE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Shandasia Turner's Motion to Continue Trial and All Relevant Deadlines [Doc. 36], which was filed on January 5, 2026.

Defendant Shandasia Turner asks the Court to continue the trial and all relevant deadlines, including the deadline for filing pretrial motions [*Id*. at 1]. In support of her motion, Defendant asserts her counsel has not yet been able to review all of the discovery in her case and, therefore, has not been able to complete a meaningful investigation or to have meaningful discussions with Defendant regarding the prosecution's case against her or her potential defenses [*Id*. ¶ 1]. Additionally, Defendant states her counsel is not yet able to determine what pretrial motions may be appropriate to file [*Id.*]. Defendant Turner further states her counsel has been unable to discuss trial preparation with Defendant as a result of his continued investigation into her case. [*Id*. ¶ 2].

Defendant Turner's motion reflects that counsel for the Government, Defendant Gillis-Tate, and Defendant Emanuel Turner have been made aware of the continuance request and have no opposition to the requested continuance [*Id*. ¶ 3]. Defendant Shandasia Turner has discussed

her Speedy Trial Act rights with her counsel and does not oppose the continuance of the trial and all relevant deadlines [*Id.* ¶ 4]. Counsel for Defendant Gillis-Tate and Defendant Emanuel Turner confirmed by email to Chambers that their clients are aware of their rights to a speedy trial and waive those rights for purposes of this motion.

Based upon the information in Defendant's motion and because the Government and Codefendants Gillis-Tate and Emanuel Turner do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant Shandasia Turner the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, counsel for Defendant Shandasia Turner needs additional time to review discovery, conduct an investigation, confer with Defendant, prepare and file potential pretrial motions, and otherwise prepare for trial. The Court finds that this cannot occur before the February 10, 2026 trial date.

The Court therefore **GRANTS** Defendant Turner's Unopposed Motion to Continue Plea Deadline and Trial [**Doc. 36**]. The trial date is reset to **June 2, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the motion on January 5, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Shandasia Turner's Motion to Continue Trial and All Relevant Deadlines [**Doc. 36**] is **GRANTED**;

(2) the trial date is reset to commence on **June 2, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **January 5, 2026**, and the new trial date of **June 2, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **February 4, 2026**, and responses to pretrial motions are due on or before **February 18, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 4, 2026**;

(6) the deadline for filing motions *in limine* is **May 18, 2026**, and responses to motions *in limine* are due on or before **May 26, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **May 19, 2026, at 11:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 22, 2026**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge