UNITED STATES OF AMERICA, )
)
Plaintiff, )
v. )                              No. 3:25-CR-138-KAC-JEM
)
EMANUEL TURNER, SHANDASIA )
TURNER, and KE'SEAN GILLIS-TATE, )
)
Defendants. )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Ke'Sean Gillis-Tate's Motion to Continue Trial and Enlarge Relevant Deadlines [Doc. 38], which he filed on April 30, 2026, and Defendant Shandasia Turner's Motion to Continue Trial and All Relevant Deadlines [Doc. 39], which she filed on May 1, 2026.

Defendant Gillis-Tate asks the Court to continue the trial date and all relevant deadlines [Doc. 38 p. 1]. In support, Defendant Gillis-Tate states the parties are in active discussions regarding a potential plea agreement, but an agreement has not yet been reached [*Id.* ¶ 1]. He states he also needs additional time to prepare for trial [*Id.*]. Defendant Gillis-Tate submits the ends of justice are served by allowing him time to prepare for trial and that they outweigh the interest of the public and him in a speedy trial [*Id.* ¶ 3]. The Government does not oppose the requested continuance [*Id.* ¶ 4].

Defendant Shandasia Turner also asks the Court to continue the trial date and all relevant deadlines [Doc. 39 p. 1]. In support, she states her counsel has not been able to have complete and meaningful discussions with her about her case because discovery has not been reviewed in full

[*Id.* ¶ 1]. Defendant Shandasia Turner's counsel is also still in the process of discussing all options with her [*Id.* ¶ 2]. She acknowledges her speedy trial rights, and she reports that the Government does not oppose the requested continuance. [*Id.* ¶¶ 3–4].

Defendant Emanuel Turner also filed a Notice of No Objection to Motion to Continue [Doc. 41]. Defendant Emanuel Turner acknowledges his speedy trial rights and waives them for purposes of the motion to continue [*Id.*].

Based upon the information in Defendants' motions and because the Government and Co-Defendant Emanuel Turner do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of the defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendants need additional time to review discovery, engage in potential plea discussions, and, if necessary, prepare for trial. The Court finds that this cannot occur before the June 2, 2026, trial date.

The Court therefore **GRANTS** Defendant Gillis-Tate's Motion to Continue Trial and Enlarge Relevant Deadlines [**Doc. 38**] and Defendant Shandasia Turner's Motion to Continue Trial and All Relevant Deadlines [**Doc. 39**]. The trial date is reset to **August 11, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the first motion on April 30, 2026, and the new

trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Gillis Tate's Motion to Continue Trial and Enlarge Relevant Deadlines [**Doc. 38**] and Defendant Shandasia Turner's Motion to Continue Trial and All Relevant Deadlines [**Doc. 39**] are **GRANTED**;

(2) the trial date is reset to commence on **August 11, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the first motion on **April 30, 2026**, and the new trial date of **August 11, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **July 10, 2026**;

(5) the deadline for filing motions *in limine* is **July 27, 2026**, and responses to motions *in limine* are due on or before **August 4, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **July 28, 2026, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 31, 2026**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

3