UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,       )
v.                             )        No. 3:25-CR-138-KAC-JEM
                               )
EMANUEL TURNER,                )
SHANDASIA TURNER, and          )
KE'SEAN GILLIS-TATE,           )
                               )
              Defendants.      )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Motion by Defendant Shandasia Turner to Continue Trial and All Relevant Deadlines [Doc. 46], which she filed on July 3, 2026.

Defendant Shandasia Turner asks the Court to continue the trial and all relevant deadlines in her case [*Id.*]. In support, Defendant Shandasia Turner states she has not been able to complete a full review of the discovery in her case and therefore has been unable to have complete and meaningful discussions with her counsel about the case, any potential defenses, and potential resolution [*Id.* ¶ 1]. She also states that while her counsel has had preliminary discussions about resolving the case, her counsel is awaiting additional information that is relevant to a potential resolution [*Id.* ¶ 2].

Defendant Shandasia Turner states she has discussed her speedy trial rights with counsel, and she does not oppose a continuance of her trial [*Id.* ¶ 4]. She also states co-defendant Emmanual Turner does not oppose a continuance of the trial and relevant deadlines [*Id.* ¶ 3]. Per his counsel's email to Chambers, Co-defendant Emanuel Turner is aware of his speedy trial rights and waives

them as to this motion. Co-defendant Gillis-Tate filed a motion confirming he does not oppose the requested continuance and waives his speedy trial rights for the purposes of the motion [Doc. 48]. Defendant Shandasia Turner confirms that the Government also has no opposition to a continuance of the trial and relevant deadlines [Doc. 46 ¶ 3].

Based upon the information in Defendant Shandasia Turner's motion and because her co-defendants and the Government do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of the defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant Shandasia Turner the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendant Shandasia Turner needs additional time to review discovery and consult with counsel, continue working toward a potential resolution, and, if necessary, prepare for trial. The Court finds that this cannot occur before the August 11, 2026 trial date.

The Court therefore **GRANTS** the Motion by Defendant Shandasia Turner to Continue Trial and All Relevant Deadlines [**Doc. 46**]. The trial date is reset to **December 15, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on July 3, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

2

(1) Motion by Defendant Shandasia Turner to Continue Trial and All Relevant Deadlines [**Doc. 46**] is **GRANTED**;

(2) the trial date is reset to commence on **December 15, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **July 3, 2026**, and the new trial date of **December 15, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 13, 2026**;

(5) the deadline for filing motions *in limine* is **November 30, 2026**, and responses to motions *in limine* are due on or before **December 8, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **December 1, 2026, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **December 4, 2026**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

3